# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| YOLANDA YOUNG                          ) | |
|                                        ) | |
|    Plaintiff,           ) | |
|                                        ) | |
|   v.                         ) | Civil Action No. 09-0464 (RBW) |
|                                        ) | |
| COVINGTON & BURLING LLP,               ) | |
|                                        ) | |
|    Defendant.           ) | |
| _____) | |

## MEMORANDUM OPINION

The plaintiff, Yolanda Young, initiated this action against the defendant, Covington & Burling LLP ("Covington"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a), 16(a) (2006) ("Title VII"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, 2-1402.11(a)(1), 2-1402.61(a)–(b) (2006).  Currently pending before the Court is the Defendant's Motion for Partial Summary Judgment on Plaintiff's Remaining Disparate Impact Claim ("Def.'s Mot.").[1]  Upon consideration

---

[1] Although only at the summary judgment stage, this case has amassed a rich procedural history.  This case was removed from the Superior Court of the District of Columbia on March 10, 2009.  The case was dismissed without prejudice on May 29, 2009, after the defendant made an oral motion requesting dismissal for want of prosecution when the plaintiff failed to appear for a status conference before this Court.  On June 4, 2009, the plaintiff moved for reconsideration, which the Court granted on July 24, 2009, and ordered the plaintiff to file an amended complaint by August 14, 2009.   The plaintiff complied, and on September 14, 2009, the defendant submitted a Rule 12(b)(6) motion to dismiss Counts II and VII of the Amended Complaint.  The Court then became occupied with ruling on the various discovery motions and motions for sanctions filed in this case.  The Court issued a Memorandum Opinion on January 28, 2010, in which it explained its dismissal of Count VII in its entirety and its partial dismissal of Count II—the non-promotion component of that Count.  On February 2, 2010, the defendant filed its Motion for Partial Summary Judgment—the motion currently before the Court.  On February 25, 2010, the plaintiff filed a Motion for Reconsideration of the January 28, 2010 dismissal.  Then, in May, 2010, the United States Supreme Court unanimously decided Lewis v. City of Chicago, 560 U.S. __, 130 S. Ct. 2191 (2010), in which it clarified the law governing disparate impact employment discrimination claims.  In light of Lewis, on September 9, 2010, the Court granted the plaintiff's Motion for Reconsideration, issued an order amending the January 28, 2010 Order dismissing the non-promotion prong of Count II, and issued an Amended Memorandum Opinion explaining its reinstatement of the non-promotion claim.  This brings us to the present, consideration of Covington's motion for summary judgment on the job-assignment portion, and only this portion, of Count II.

of the parties' submissions to the Court and an examination of the record, the Court will grant the defendant's motion and will enter summary judgment for the defendant on the discriminatory job-assignment component of the plaintiff's disparate impact claim.

## I.   FACTUAL BACKGROUND[2]

The evidence viewed in the light most favorable to the plaintiff is the following.  The plaintiff graduated from Georgetown University Law Center in 1995.   Plaintiff's Responses and Objections to Defendant's Local Rule 56(a)(1) Statement of Undisputed Material Facts ("Pl.'s Facts") ¶ 1.  After graduating from law school, in August 1995, the plaintiff applied for a position as an associate at several law firms but did not receive an offer of employment as an associate.  Id. ¶ 2.  However, during an eight-year period prior to February 2005, the plaintiff worked as a temporary contract attorney for at least ten different law firms.  Id. ¶ 5.

In February 2005, the plaintiff applied for a staff attorney position with Covington, Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment ("Pl.'s Opp'n") ¶ 1, after being referred by a staffing agency, Legal Placements, Inc., for the staff attorney job at Covington.  Pl.'s Facts ¶¶ 7-8.  In applying for the position, the plaintiff submitted her resume, law school transcript, proof of bar membership, and employment references.  Pl.'s Opp'n ¶ 1. The plaintiff stated on her application that "'I have worked as a contract attorney for several years and I understand the [Covington] job is similar.'"  Pl.'s Facts ¶ 9.

---

[2] Throughout the history of this case, the plaintiff's recounting of the facts material to her job assignment claim has been minimal.  This is again true in her Opposition to Defendant's Motion for Partial Summary Judgment.  It bears repeating that the plaintiff's allegations of a discriminatory non-promotion policy that disproportionately affects African-Americans and of intentional discrimination against her and other African-Americans are not at issue in the Defendant's Motion for Partial Summary Judgment, and, consequently, are not addressed in this Memorandum Opinion, despite comprising the bulk of her Opposition to Defendant's Motion.

## II.  LEGAL STANDARDS

Under Rule 56, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When ruling on a Rule 56 motion, the Court must view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)).  The Court must therefore draw "all justifiable inferences" in favor of the non-moving party and accept the non-moving party's evidence as true.  Anderson, 477 U.S. at 255.  The non-moving party, however, cannot rely on "mere allegations or denials," Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248) (internal quotation marks omitted), because "conclusory allegations unsupported by factual data will not create a triable issue of fact," Pub. Citizen Health Research Grp. v. FDA, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal brackets and quotation marks omitted).  Indeed, to withstand a properly supported motion for summary judgment, the non-moving party "must set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Finally, "a supporting or opposing affidavit [submitted in connection with a Rule 56(c) motion] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated." Fed. R. Civ. P. 56(e)(1).  If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which

she has the burden of proof," then the moving party is entitled to summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Title VII permits any "person claiming to be aggrieved . . . by an unlawful employment practice," 42 U.S.C. 2000e-5, to file suit seeking redress for the allegedly unlawful employment practice  (after, of course, exhausting available administrative requirements). <u>Id.</u> This sweeping language "opens the courts to 'anyone who satisfies the constitutional requirements.'" <u>Fair Emp't Council of Greater Wash., Inc. v. BMC Mktg. Corp.</u>, 28 F.3d 1268, 1278 (D.C. Cir. 1994) (citing <u>Gray v. Greyhound Lines</u>, 545 F.2d 169,176 (D.C. Cir. 1976)).  Accordingly, a plaintiff who can prove her allegations of Article III standing has a cause of action under Title VII. <u>Fair Emp't Council</u>, 28 F.3d at 1278.  "[T]he irreducible constitutional minimum of standing contains three elements." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an actual or imminent injury, and this injury must be concrete and particularized. <u>Id.</u>  Second, the plaintiff must demonstrate a causal connection between the injury and the protested conduct.  <u>Id.</u>  Third, it must be likely that the injury will be redressed by a favorable judicial decision.  <u>Id.</u> at 561.  The party invoking federal jurisdiction bears the burden of establishing these three elements of standing.  <u>Id.</u>  Moreover, because they are not merely pleading requirements, but "rather an indispensable part of the plaintiff's case," <u>id.</u>, each element must be supported in the same manner as any other issue on which the plaintiff bears the burden of proof.[3]  <u>Id.</u>

---

[3] The Court's September 9, 2010 Amended Memorandum Opinion found that the plaintiff had "satisfactorily pled a 'concrete' injury attributable to Covington's policies." Am. Mem. Op. at 12.  That opinion, however, addressed the defendant's Rule 12(b)(6) Motion to Dismiss and the plaintiff's subsequent Motion for Reconsideration of the partial grant of that motion.  The Court now confronts the defendant's Motion for Partial Summary Judgment and must undertake a more searching evaluation of the plaintiff's claims and the facts that support them.  As observed by the Supreme Court, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are

(Continued . . . )

In the context of Title VII litigation, the constitutional requirement of an "injury in fact," Lujan, 504 U.S. at 560, is construed as an adverse employment action.  See Douglas v. Donovan, 559 F.3d 549, 551-52 (D.C. Cir. 2009) (holding that "[i]n order to present a viable claim of employment discrimination under Title VII, a plaintiff must show he suffered an adverse employment action"); Bacon v. Honda of Am. Mfg., 370 F.3d 565, 577 (6th Cir. 2004) (explaining that the "basic principles" of standing require "an individual plaintiff arguing a disparate impact theory [to] show that the challenged policy directly disadvantaged [her] in some fashion"); Chaplin v. Du Pont Advance Fiber Syss., 293 F. Supp. 2d 622, 627 (E.D. Va. 2003) (noting that "whether the claim is discrimination based on race, religion, or national origin, to qualify as an actionable injury [under Title VII], a plaintiff must allege that his employment status suffered").   An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."   Douglas, 559 F.3d at 552 (internal quotations and citations omitted); cf. Worth v. Jackson, 451 F.3d 854, 858 (D.C. Cir. 2006) (noting that the plaintiff's asserted intention to apply for new positions and promotions with the defendant on a regular basis in the future "is just the kind of speculative intention normally insufficient for standing purposes").

---

(. . . continued)
necessary to support the claim.  In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations" of injury. Lujan, 504 U.S. at 560 (internal quotations and citations omitted).

### III.  LEGAL ANALYSIS

**A.  The Defendant's Motion For Partial Summary Judgment and the Plaintiff's Opposition**

In its Motion for Partial Summary Judgment, Covington seeks summary judgment on the job-assignment and initial hiring decision components of the plaintiff's disparate impact claim (Count II of the Amended Complaint).[4]  Defendant's Memorandum in Support of its Motion for Partial Summary Judgment ("Def.'s Mem.") at 2. Covington advances two arguments in support of its position.  First, Covington contends that the undisputed evidence indicates that the plaintiff lacks standing to assert the job-assignment component of the claim because she was herself never injured by the policy through which Covington allegedly assigns a disproportionate number of African-Americans to the position of staff attorney.  Id. at 8.  Second, Covington argues, the plaintiff's hiring claim is untimely because no criteria considered by the defendant when she was hired (e.g., law school grades or clerkship experience) were subsequently again considered during the applicable statutes of limitations periods.  Id. at 10-11.

It is difficult to discern exactly what the plaintiff's response is to the defendant's first argument from the context of her Opposition to Defendant's Motion for Partial Summary Judgment.  For example, the plaintiff argues in her opposition that "[g]enuine issues of material fact exist regarding Covington's promotion policy, its application to [the] [p]laintiff, and the evaluations that caused [the] [p]laintiff not to be promoted." Pl.'s Opp'n at 3.  This position appears to implicate the non-promotion component of the disparate impact claim, which is not being challenged in the defendant's motion.  The plaintiff further responds that "[Covington's

---

[4] The plaintiff termed this portion of Count II as the "adverse impact of the job-assignment . . . policies on black staff attorneys." First Amended Complaint ¶ 4.  The Court has therefore referred to this prong of Count II as the "job-assignment claim" or the "hiring claim." See Amended Memorandum Opinion at 1.

motion] argues that [the] [p]laintiff was not affected by [Covington's] discriminatory job-selection policy at hire because she did not apply for an associate position and only applied for a staff attorney position." <u>Id.</u> This seems to be a correct assessment of Covington's standing argument asserted in its motion. Interestingly, however, the plaintiff next states that although "she was affected by the [job-assignment] policy at hire . . . that is not what she is suing for. Rather, she challenges Covington's use of the job-assignment policy to deny black staff attorneys promotion to associate." <u>Id.</u> at 3-4. Despite the fact that the claim she is asserting is personal to her, the plaintiff has apparently conflated the job-assignment and the non-promotion components of the claim in her Opposition to Defendant's Motion for Partial Summary Judgment. Further, because the plaintiff has failed to cite any legal authority in her opposition, the Court cannot look to any such authority to clarify the plaintiff's position. It is, however, the arguments advanced in Covington's motion that are currently before the Court, and the motion makes clear that the challenge at issue relates solely to the job-assignment component of the disparate impact claim. Def.'s Mem. at 2; <u>see</u> Am. Compl. ¶ 125 (asserting that "[the d]efendant's policies and practices and the criteria it uses in assigning attorneys to positions within the firm have an adverse impact on black attorneys in violation of Title VII").

As explained below, because the Court finds that the undisputed facts show that the plaintiff's application for employment at Covington was limited to the position of staff attorney, the Court agrees that the plaintiff could not have been injured, and indeed was not injured, by the purportedly discriminatory job-assignment policy and, therefore, she lacks standing to challenge any such policy. Accordingly, the Court need not address Covington's second argument regarding the timeliness of the plaintiff's job-assignment claim.

**B.  The Undisputed Facts of the Plaintiff's Job-Assignment at Covington**

In February 2005, the plaintiff submitted an application to Covington for a "staff attorney

position." Pl.'s Opp'n ¶ 1.  This acknowledgment clearly captures the plaintiff's aspirations and

expectations when she submitted her application to Covington, and they are reiterated elsewhere

in the record.  See Pl.'s Opp'n ¶ 1; Pl.'s Facts ¶¶ 6-7; Def.'s Mot., Exhibit A, Deposition of

Yolanda Young ("Young Depo.") at 29-31.  Thus there is no dispute that the plaintiff's

application for employment at Covington was for a job as a staff attorney, [5] and that is the

position for which she was hired by Covington.  First Amended Complaint ¶ 33.  It stands to

reason that if the plaintiff applied for only one position, that if selected that is the position to

which she would be assigned.  Therefore, because the defendant hired the plaintiff for the only

---

[5] The following excerpt of the plaintiff's deposition concerns the plaintiff's application submitted to Covington and
her knowledge of the position she sought:
Q. Now, when you applied for a job at Covington you did not apply for a job as an associate; did you?
A. No.
Q. Maybe my question is – make sure I understand your answer.  Are you saying that you did apply for a job as an
associate?
A. No, I'm not saying that either.
Q. What are you saying?
A. I'm saying that I submitted my resume and application for a job.
Q. You submitted your application and your resume for a job as a staff attorney; didn't you?
A. Yes.
. . .
Q. Ms. Young, you recognize what's now been marked Exhibit Number 5?
A. Yes.
Q. And exhibit Number 5 is your application for employment with Covington & Burling; correct?
A. Correct.
. . .
Q. And the position applied for reads, "staff attorney"; correct?
A. Correct.
Q. And you wrote that; didn't you?
A. Yes.
Q. It doesn't say, associate; does it?
A. No.
Q. All right.  And you understood that the staff attorney position at Covington & Burling was similar to the contract
attorney jobs that you had performed prior to your submitting this application; right?
A. Yes.
Young Depo., 30-31.
    Upon its own examination of Defendant's Exhibit 5 from the deposition of Yolanda Young, the Court
observed that the Covington application contains a blank space following the prompt "Position(s) Applied For."
"Staff Attorney" is the only text in that blank space.

position for which she sought employment, the Court finds that no adverse employment action resulted from that decision.[6]   In other words, the plaintiff suffered no injury at the time of her selection by Covington as a staff attorney.   Accordingly, the plaintiff has failed to establish that she has standing to maintain the job-assignment component of her disparate impact claim.

## IV. CONCLUSION

For foregoing reasons, Covington's Motion for Partial Summary Judgment must be granted.

```
_____/s/_____
Reggie B. Walton
United States District Judge
```

---

[6] The plaintiff's pursuit of injunctive relief against Covington concerning its job-assignment policy "on behalf [of] other similarly situated staff attorneys," First Am. Comp. ¶ 4, does not aid her attempt establish standing. To pursue injunctive or declaratory relief on behalf of third parties, the plaintiff would have to "allege that [she herself is] likely to suffer future injury," Fair Emp't Council, 28 F.3d at 1273, from the job assignment policy.  No such allegation has been raised.